# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOKO ONO LENNON,

                        Plaintiff,

    - against -

FREDERIC SEAMAN,

                        Defendant.

ORIGINAL [Master]

99 Civ. 2665 (LAK) (JCF)

**FINAL JUDGMENT ON CONSENT**

WHEREAS, by complaint dated April 13, 1999, plaintiff Yoko Ono Lennon commenced an action against defendant Frederic Seaman in the United States District Court for the Southern District of New York, Index No. 99 Civ. 2665 (the "Action"); and

WHEREAS, the issues in the Action were duly tried before a jury on September 23, 2002 through September 26, 2002, both parties appearing by counsel; and

WHEREAS, at the conclusion of all of the evidence [*whereas*] on September 26, 2002, the parties consented (1) to the issuance of this Final Judgment on Consent, and (2) to waive any right to appeal from any such Final Judgment on Consent that they, or either of them, may have; and

NOW pursuant to the consent and agreement of the parties, it is hereby FINALLY ADJUDGED, ORDERED and DECREED that:

1. Defendant Frederic Seaman, and anyone acting in concert or participation with him [*and its representatives, assigns, administrators and heirs are*] is hereby permanently and perpetually enjoined from divulging, exploiting, or publicizing, commercially or otherwise, in any manner or medium [*now or hereafter devised*] whatsoever, any information, facts, anecdotes, or other statements relating in any way to John Lennon, Yoko Ono Lennon or Sean Lennon (collectively "The Lennon Family"). For the avoidance of doubt, this injunction includes, without limitation, statements made in books, fiction or non-fiction, magazine articles, press interviews, television reports, documentaries, radio interviews, audio recordings, film or

[*, on Sept 25, 2002, the Court, pursuant to Rule 50 of the Federal Rules of Civ. Procedure found, interalia, that Pl. Y.O.L. had as a matter of law, prevailed on Pl's 10th & 11th causes of action for breach of contract and was entitled to relief on both claims, including injunctive relief; and*]

video recordings, or any other medium of public dissemination. For the further avoidance of doubt, this injunction also applies to the publication of any image of the Lennons *Lennon family* (or any one of them) including, without limitation,

(a) the 374 photographs at issue in this Action, copies of which were marked during the trial herein as Plaintiff's Exhibits 1, 2, and 3 (the "374 Photographs"); and

(b) copies, in any medium, of the "Cannon Hill Video," a copy of which was marked during the trial herein as Plaintiff's Exhibit 6 (the "Cannon Hill Video"), or any portion whatsoever thereof;

For the further avoidance of doubt, this injunction also applies to any reprinting or reissuance of the book, The Last Days of John Lennon, or any version thereof, *under any title,* authored by defendant Frederic Seaman, and to any reprinting or republication of any other work by Frederic Seaman relating to the Lennons which has been published or publicly displayed prior to the date hereof, including without limitation, any of the magazine articles or videos which were at issue in the Action.

2. By this Judgment, it is hereby declared that the 374 Photographs and any other photograph taken by Frederic Seaman of any member of the Lennon Family, or taken on or at premises owned or controlled by John Lennon and Yoko Ono Lennon (collectively the "Lennons"), are works-made-for-hire for the Lennons and, accordingly, Mrs. Lennon, as successor to all joint interests of the Lennons, is the rightful owner of the copyrights therein. It is further declared that Frederic Seaman has not and has never had rights to the copyrights to the 374 Photographs or any such photographs which he took of the Lennons or at premises owned or controlled by the Lennons.

- 2 -

3. Within ten (10) days of the date of this Judgment, Frederic Seaman shall deliver to Mrs. Lennon any and all originals or copies of any materials, of any nature whatsoever, in his possession, custody, or control (including without limitation, any material stored in a storage facility, or at the home or other premises of a third party) which relate in any way to John Lennon, Yoko Ono Lennon, or Sean Lennon (unless this Judgment expressly provides otherwise, and except for mass produced publicly available merchandise, and except for the documents comprising Plaintiff's Exhibit 16 placed in evidence at trial), including, but not limited to:

    (a) any and all slides, negatives, prints or photocopies (black and white or color) of, or any other medium (including videocassette) containing, any photograph featuring an image of any member of the Lennon Family, including, without limitation, the 374 Photographs;

    (b) any and all copies, in any medium or format, of the Cannon Hill Video;

    (c) any documents with John Lennon's, Yoko Ono's, and/or Sean Lennon's handwriting;

    (d) any artwork by John Lennon, Yoko Ono, and/or Sean Lennon;

    (e) any correspondence to or from any member of the Lennon Family; and

    (f) any video or audiotape containing the image or voice of any member of the Lennon Family.

Upon delivery of such property to Mrs. Lennon, Defendant shall simultaneously deliver an affidavit in the form annexed hereto as Exhibit A, whereby he shall swear, under the penalty of perjury, that he has no material relating to the Lennons remaining in his possession, custody or control, other than as expressly permitted under this Judgment.

- 3 -

4. Defendant hereby acknowledges that, during the years of his employ with the Lennons, he stole property belonging to the Lennons from the Lennon household and other premises owned or controlled by the Lennons, that he failed ever to return such property, and that he has sold such property on the memorabilia market.

5. Defendant *formally* agrees to and hereby makes the following public statement *in open court, & only in open court*:

I wish to offer this public apology to Yoko Ono; I did wrong by you and indeed am guilty of violating your trust. After more than 20 years, it is time for me to ask your forgiveness for my actions. I did in fact steal items from you that once belonged to you and John. These items include diaries, ~~photos~~ documents, and more. I wrote things about you and your family in my book and various tabloids that were ~~untrue and~~ *factually inaccurate* I now realize how much pain and embarrassment I have caused. It is impossible to undo what has taken place. But it stops here and now. I will return any remaining things that I have that are yours. I will refrain from ever writing anything about you or your family or about my time in your employ. I offer no excuse for my conduct and only ask that you can find it in your heart to forgive so I can move on with my life.

6. Within five (5) days following entry of this Final Judgment and Order, defendant Frederic Seaman shall notify the Register of Copyrights to cancel any and all copyright registrations and/or withdraw any pending copyright applications as to which Frederic Seaman is

- 4 -

identified as the claimant for any of the 374 Photographs or any other photograph or video of the Lennons (or any one of them), including but not limited to the following:

    (a)   Registration No. VA ___-___, for a work entitled "John and Sean at Beach";

    (b)   Registration No. VA 991-871, for a work entitled "John Lennon: Living on Borrowed Time";

    (c)   Registration No. VA 981-919, for a work entitled "Inside John Lennon's Private World";

    (d)   Registration No. VA 981-920, for a work entitled "Now It's The Threetles"; and

    (e)   Registration No. VAu 456-702, for a work entitled "The Frederic Seaman Lennon Archive."

Defendant Seaman shall provide the Register of Copyrights with a copy of this Final Judgment on Consent and shall provide copies of any correspondence to or from the Register of Copyrights to Plaintiff's counsel, by facsimile, promptly following his sending or receipt of such correspondence.

    7.   Upon full execution of this Final Judgment on Consent, Mrs. Lennon shall deliver to Defendant the three volumes of Frederic Seaman's original diaries of which she is presently in possession, provided that Mrs. Lennon shall retain possession of copies of each such diary and Frederic Seaman shall swear by affidavit to the authenticity of each such copy.

    8.   Mrs. Lennon agrees that, in the event that she hereafter uses the photograph referred to in the Action as "John and Sean at the Beach" (the "Photograph") on any published work not heretofore published in any format or medium (a "New Work") or by public display, she shall accord credit to

- 5 -

Frederic Seaman as the photographer. For the avoidance of doubt, any reprints, reissues, or reproductions of the "Lennon Collection" record jacket featuring the Photograph, or of the booklet contained in the John Lennon Anthology, and any advertisement or promotion therefor featuring the Photograph need not contain a credit to Frederic Seaman. Moreover, in the event that a third party makes a good faith claim that he or she is the actual photographer of the Photograph, Mrs. Lennon's obligation under this paragraph to provide credit to Frederic Seaman on any New Work featuring the Photograph shall be suspended until such claim is resolved. In connection with the foregoing, Mrs. Lennon agrees to promptly notify Defendant of any such claim and to provide Frederic Seaman with such claimant's supporting documentation, if any.

9. Provided that Defendant is in complete compliance with his obligations hereunder, Mrs. Lennon agrees that within thirty (30) days of Defendant's full and complete delivery to her pursuant to paragraph 3 hereof, she shall deliver to Defendant, at Defendant's sole cost, a single 4 x 6 color print copy of each of the 374 Photographs, each of which shall bear an imprint stating "© Yoko Ono Lennon. No rights of reproduction without written permission."

10. In the event that Defendant violates any of his obligations hereunder, and as a result Plaintiff initiates a legal proceeding to enforce her rights under this Judgment, Defendant hereby:

(a) agrees to immediately turn over to Mrs. Lennon each of the 374 Photographs delivered to Defendant pursuant to paragraph 9 hereof;

(b) agrees that Plaintiff will be irreparably harmed by such breach and entitled to immediate injunctive relief;

(c) waives any defense of Statute of Limitations, laches, estoppel, waiver, acquiescence or any other statutory or equitable defense; and

(d) agrees to reimburse Plaintiff for her costs, including reasonable attorneys fees, incurred in connection with any successful claim brought by Plaintiff to enforce her rights under this Judgment.

11. The Action, including all claims and counterclaims asserted therein, shall be dismissed with prejudice, and without costs and disbursements to any party. Simultaneously with the execution of this Final Judgment on Consent, the parties, by their counsel, will execute a Stipulation and an Order of Dismissal With Prejudice (the "Stipulation of Dismissal") in the form annexed hereto as Exhibit B. Within five (5) days following receipt by plaintiff's counsel of the materials described in paragraph 3 hereof, plaintiff's counsel shall cause the Stipulation of Dismissal to be filed with the United States District Court for the Southern District of New York for Signature by the Court.

12. Plaintiff Yoko Ono Lennon hereby releases Defendant Frederic Seaman and any and all of Defendant's heirs, executors, administrators, employees, and agents (the "Defendant Releasees") from any claim of defamation, slander, libel, or invasion of right of privacy or publicity arising out of any publication which was specifically placed in evidence at the trial of this Action.

13. Defendant Frederic Seaman hereby releases Plaintiff Yoko Ono Lennon and any and all of Plaintiff's heirs, executors, administrators, employees, and agents (the "Plaintiff Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, which, against any of the Plaintiff Releasees, Defendant and his successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by

reason of any matter, cause or thing whatsoever from the beginning of the world to the date hereof.

14. This Final Judgment on Consent embodies the full, complete, and entire agreement and understanding of the parties of all of the terms and conditions with respect to the matters discussed.

15. Each of the parties represents that it has the full right, power and authority to enter into this Final Judgment on Consent and to settle the Action as set forth herein and to release the claims it is releasing under this Stipulation and Order of Settlement and Release. Each of the parties further represents that it is the sole owner of each claim that it is releasing hereunder.

16. This Final Judgment on Consent shall be deemed to have been written jointly by the parties. Ambiguities shall not be construed against the interest of any party by reason of that party having drafted all or any part of this Final Judgment on Consent.

17. The parties to this Final Judgment on Consent each represent that he/she has read this Final Judgment on Consent and know and understand its contents. The parties understand and expressly agree that this Final Judgment on Consent has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Final Judgment on Consent, have been made or relied upon by any of the parties. The parties acknowledge that they have had the benefit of the advice of legal counsel before executing this Final Judgment on Consent.

Dated: New York, New York
September 27, 2002

_____          _____
Yoko Ono Lennon                                                    Frederic Seaman
Plaintiff                                                                   Defendant


SONNENSCHEIN NATH & ROSENTHAL

By: _____          _____
Paul V. LiCalsi (     )                                        Glenn A. Wolther (S740)
~~Amy J. Lippman (     )~~                              ~~Jay M. Shultz (     )~~
1221 Avenue of the Americas                      305 Broadway, Suite 1102
New York, New York 10020                        New York, New York 10007
(212) 768-6700                                              (212) 964-2120

Attorneys for Plaintiff Yoko Ono Lennon      Attorneys for Defendant Frederic Seaman

So Ordered: _____
Leonard B. Sand
United States District Judge

6/27/03

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** 7/1/03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOKO ONO LENNON,

           Plaintiff,

- against -

FREDERIC SEAMAN,

           Defendant.

99 Civ. 2664 (LBS) (JCF)

**AFFIDAVIT OF FREDERIC SEAMAN**

STATE OF NEW YORK   )
                            ) ss.
COUNTY OF NEW YORK )

       FREDERIC SEAMAN, being duly sworn, deposes and says:

       1.    I am the defendant in the above-captioned action. I make this affidavit in connection with my return of property to plaintiff Yoko Ono Lennon pursuant to Paragraph 3 of the Final Judgment on Consent entered in this action on September ___, 2002 (the "Judgment").

       2.    I hereby swear, under penalty of perjury, that no material relating to the Lennons remains in my possession, custody, or control, other than as expressly permitted under the Judgment.

                                                _____
                                                Frederic Seaman

Sworn to before me on this
___ day of September 2002.

_____
    Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOKO ONO LENNON,

           Plaintiff,

-against-

FREDERIC SEAMAN,

           Defendant.

99 Civ. 2664 (LBS) (JCF)

STIPULATION ~~AND~~ AND order of dismissal
~~ORDER OF SETTLEMENT~~
~~AND RELEASE~~

U.S. DISTRICT COURT FILED JUN 27 2003 S.D. OF N.Y.

IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their respective undersigned counsel and SO ORDERED by the Court, that this action, including all claims and counterclaims made herein, is hereby dismissed with prejudice with each party to bear its own expenses, costs, and attorneys' fees.

Dated: New York, New York
       September 27, 2002

SONNENSCHEIN NATH & ROSENTHAL

By: _____
Paul V. LiCalsi (6623)
Amy J. Lipp (2783)
30 Rockefeller Plaza, 29th Floor
New York, New York 10112
(212) 698-2422

Attorneys for Plaintiff Yoko Ono Lennon

_____
Glenn A. Wolther (5740)
Jay M. Shultz ( )
305 Broadway, Suite 1102
New York, New York 10007
(212) 964-2120

Attorneys for Defendant Frederic Seaman

So Ordered: _____
Leonard Sand
United States District Judge
6/27/03

- 11 -