# Exhibit C

Re: People v. Fred Seaman
Indictment No. 1319/83

Dear Mr. Zelma:

This letter sets forth the terms and conditions under which the People will recommend acceptance of a plea of guilty from your client, Fred Seaman, in satisfaction of indictment number 1319/83.

The People enter into this agreement upon the understanding that Fred Seaman has no prior criminal record.

1. Defendant will enter a plea of guilty to one count of Grand Larceny ~~Criminal Possession of Stolen Property in the Second Degree~~ (Penal Law Section 155.35 ~~165.45~~) in full satisfaction of indictment number 1319/83.

2. The guilty plea will cover all larceny and criminal possession of stolen property charges for which the defendant may be criminally liable relating to the property removed by the police from 146 Willow Street, Apt. 7, Brooklyn, New York and from U-Haul Storage, 23rd Street and 11th Avenue, New York, New York on September 28, 1982.

3. Defendant will receive a sentence of probation for a period of five years.

4. In addition to all the usual conditions of probation relating to conduct, rehabilitation and supervision, the following will be additional conditions of defendant's probation (violation of any condition of probation is punishable by up to seven years imprisonment):

   a. Defendant is prohibited from publishing, disseminating or revealing to anyone, whether for profit or not for profit, any of the contents of John Lennon's journals, 1975-80.

b. Defendant is to answer truthfully and completely all questions put to him by members of the Police Department and the District Attorney's Office relating to the theft and subsequent history of John Lennon's journals, 1975-80, and to all other property wrongfully taken, obtained or withheld from Lenono, John Lennon, Yoko Ono Lennon, Sean Lennon, and the estate of John Lennon. Defendant will not be prosecuted for larceny or criminal possession of stolen property for any such property about which he provides truthful and complete information.

c. Defendant is to give truthful and complete testimony at any trial, hearing or other judicial or grand jury proceeding relating or concerning John Lennon's journals, 1975-80, and any and all other property wrongfully taken, obtained or withheld from Lenono, John Lennon, Yoko Ono Lennon, Sean Lennon, or the estate of John Lennon. Defendant will not be prosecuted for larceny or criminal possession of stolen property for any such property about which he provides truthful and complete testimony. Defendant will be subject to prosecution for any perjury or contempt committed at such proceedings.

d. Prior to the imposition of sentence, defendant is to return any and all property, in his possession or which he has access to, wrongfully taken, obtained or withheld from Lenono, John Lennon, Yoko Ono Lennon, Sean Lennon or the estate of John Lennon. Defendant will not be prosecuted for larceny or criminal possession of stolen property relating to property so returned.

e. Prior to the imposition of sentence, defendant is to return any and all copies and reproductions of John Lennon's journals, 1975-80, regardless of the manner of copying or reproduction, and any and all notes, memoranda and recordings, in his possession or which he has access to, based [illegible]. This obligation continues and extends throughout the period of probation to any and all of these items which come into defendant's possession or to which he gains access. If defendant, now or during his period of probation, knows, has reason to believe, or learns that anyone else has any of these items, he must so inform the District Attorney's Office.

This agreement shall not become effective unless and until it is approved by a Justice of the Supreme Court.

No additional promises or conditions have been made other than those set forth in this letter. Any additions, deletions or modifications of the terms and conditions herein must be in writing and signed by all parties.

Very truly yours,

Consuelo L. Fernandez
Assistant District Attorney

I have read the foregoing terms and conditions, understand them and, upon advice and in the presence of counsel, agree to them:

Fred Seaman

The record made at part 39 111 Centre Street, New York County on May 27, 1983 shall become part of this agreement.

I have read the foregoing terms and conditions and fully explained them to my client Fred Seaman:

George Zelma
Attorney for Fred Seaman

Jeffrey Atlas
Justice of the Supreme Court

# SHUKAT ARROW HAFER & WEBER, L.L.P.
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER

Jonas E. Herbsman

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

Of Counsel

Ina Lea Meibach
W. Drew Kastner+
Lisa Alter*+

\* Also member California Bar
\+ Also Member New Jersey Bar

# FAX COVER SHEET

*3 page(s) to follow*

Date: April 12, 1999

Attention: **Martha Kimes**

Company: Gold Farrell & Marks

Fax No.: 481-1722

From: **Dorothy M. Weber, Esq.**

Client Re: Lennon/Seaman

Message: As requested (this is our best copy!).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OF OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STUDIO ONE**
1 W 72 SL
NY, NY 10022

FAX COVER SHEET

DATE: July 8, 1991

ATTN: Peter Shukat

COMPANY: Shuakat Hafer & Weber

NO. OF PAGES TO FOLLOW: 0

FROM: Helen Barden

CHARGES: Steve Gutstein
233 Broadway
#3700
406-9400

*grand larceny 2nd degree*

*prohibited*