# Exhibit E

# SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP
## Attorneys At Law
### 494 Eighth Avenue, Sixth Floor
### New York, New York 10001
### Entrance on 35th Street

| | |
|---|---|
| J. Jeffrey Hafer | Peter S. Shukat (1970-2014) |
| Dorothy M. Weber | Allen H. Arrow (1954-2016) |
| Jonas E. Herbsman | ———— |
| Michael B. Frisch | Telephone (212) 245-4580 |
| Elliot A. Resnik | Telecopier (212) 956-6471 |
| Joseph M. Conley | ———— |
| Andrew J. Dunn | +Of Counsel |
| ———— | |
| Judith A. Meyers+ | **WRITER'S E-MAIL:** |
| | dorothy@musiclaw.com |

September 15, 2020

**Via Email to: fredseaman9@gmail.com; and**
**Facebook Messenger to: Plastic EP TV**

Mr. Frederic Seaman

   Re: *Yoko Ono Lennon / John Lennon / Plastic EP TV Interview*

Dear Mr. Seaman:

  We are litigation counsel for Yoko Ono Lennon. As you are aware from our prior correspondence and your conversation with my partner Jonas Herbsman, you remain subject to the Court Order issued by the Federal District Court in the Southern District of New York pursuant to which you, and anyone acting in concert with you, are enjoined from utilizing any John Lennon materials.

  As you are certainly aware, the Injunction issued by Judge Sand, provides in clear and unambiguous terms that you are enjoined, <u>inter alia</u>, from the exact conduct you engaged in during the Plastic EP TV interview.

  1. Defendant Frederic Seaman, and anyone acting in concert or participation with him, his representatives, assigns, administrators and heirs, are hereby permanently and perpetually enjoined from divulging, exploiting, or publicizing, commercially or otherwise, in any manner or medium now and hereafter devised whatsoever, any information, facts, anecdotes, or other statements relating in any way to John Lennon, Yoko

Ono Lennon or Sean Lennon (collectively "The Lennon Family"). For the avoidance of doubt, this injunction includes, without limitations, statements made in books, fiction or non-fiction, magazine articles, press interviews, television reports, documentaries, radio interviews, audio recordings, film or video recordings, or any other medium of public dissemination. For the further avoidance of doubt, this injunction also applies to the publication of any image of the Lennon Family (or any one of them) including, without limitation,

(a) the 374 photographs at issue in this Action, copies of which were marked during the trial herein as Plaintiff's Exhibits 2, 3 and 4 (the "374 Photographs"); and

(b) copies, in any medium, of the "Cannon Hill Video," a copy of which was marked during the trial herein as Plaintiff's Exhibit 6 (the "Cannon Hill Video"), or any portion whatsoever thereof;

For the further avoidance of doubt, this injunction also applies to any reprinting or reissuance of the book, The Last Days of John Lennon, or any version thereof, under any title, authored by defendant Frederic Seaman, and to any reprinting or republication of any other work by Frederic Seaman relating to the Lennons which has been published or publicly displayed prior to the date hereof, including without limitation, any of the magazine articles or videos which were at issue in the Action.

(A copy of the Injunction is attached.)

Your interview violates the Injunction by, inter alia, stating:

- That you are putting out a revised version of your book;

- Your discussions about your employment with Mr. Lennon and Ms. Ono;

- Your endorsement of "Gimme Some Truth";

- Your statements attributed to the late Mr. Lennon regarding the Eastmans;

- Your statements regarding Ringo Starr's visit to Mr. Lennon at the Dakota apartment building around Thanksgiving 1980, after intestinal operation "due to his alcoholism";

- Mr. Lennon's murder.

Demand is hereby made that you immediately cease and desist from any further violations of the Injunction. Demand is also made that you immediately advise anyone with whom you have participated in this conduct that they must immediately remove any postings on the internet.

This letter shall constitute our Client's demand: (a) that you supply us with an inventory of all materials you have in your possession as shown on your wall in the interviews; (b) that you immediately cease and desist any and all prohibited conduct; and (c) advise of any other interviews you have given in the past six (6) years.

In the event we are forced to return to Federal Court to enforce our Client's rights, we shall seek all fees and costs as set forth in paragraph 10(d) of the Court Order.

Nothing herein shall be deemed a waiver of any of our Client's rights or admission of any liability, and all rights, remedies and claims are hereby reserved. This letter is sent in the course of enforcement of our Client's rights and a demand for an amicable resolution of these issues. Such resolution is only possible if you immediately respond to our issues. As such this letter is a demand for potential settlement communication; it should not be published, copied or distributed for any purpose other than litigation purposes. We reserve any and all rights in connection with any potential infringement claim which could be asserted by our Client.

We demand an immediate response that you will comply with these demands no later than Friday, September 18, 2020.

This letter is written without prejudice to our Client's rights or remedies, at law or in equity, all of which are hereby expressly reserved.

    Very truly yours,

    SHUKAT ARROW HAFER WEBER
    & HERBSMAN, LLP


    */s/Dorothy M. Weber*
    _____
    Dorothy M. Weber, Esq.

DMW/rrr
Enclosure
Cc:  Jonas Herbsman, Esq.
     Plastic EP TV Interview (via Facebook Messenger)