UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| YOKO ONO LENNON | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT SEAMAN** |
| Plaintiff, | |
| -against- | 20 CV 8176 (PAE) |
| FREDERIC SEAMAN, | <u>Jury Trial Demanded</u> |
| Defendant. | |

------------------------------------------------------------------------X

Defendant FREDERIC SEAMAN (hereinafter referred to as "Defendant"), by and through his counsel, BRUSTEIN LAW PLLC, as and for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint, except admits that widow the late John Lennon.

2. Admits the allegations set forth in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "4" of the Complaint.

5. Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "6" of the Complaint except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "9" of the Complaint except admits that plaintiff purports to proceed as stated therein.

10. Admits the allegations as set forth in paragraph "10" of the Complaint.

11. Admits the allegations as set forth in paragraph "11" of the Complaint.

12. Admits the allegations as set forth in paragraph "12" of the Complaint.

13. Admits the allegations as set forth in paragraph "13" of the Complaint.

14. Denies the allegations as set forth in paragraph "10" of the Complaint except admits that Defendant was hired to run errands for and travel with the Lennon family.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "16" of the Complaint except admits that John Lennon was murdered in front of The Dakota.

17. Denies the allegations as set forth in paragraph "17" of the Complaint.

18. Denies the allegations as set forth in paragraph "18" of the Complaint.

19. Denies the allegations as set forth in paragraph "19" of the Complaint.

20. Denies the allegations as set forth in paragraph "20" of the Complaint.

21. Denies the allegations as set forth in paragraph "21" of the Complaint.

22. Denies the allegations as set forth in paragraph "22" of the Complaint.

23. Denies the allegations as set forth in paragraph "23" of the Complaint.

24. Denies the allegations as set forth in paragraph "24" of the Complaint.

25. Denies the allegations as set forth in paragraph "25" of the Complaint.

26. Denies the allegations as set forth in paragraph "26" of the Complaint.

27. Denies the allegations as set forth in paragraph "27" of the Complaint.

28. Denies the allegations as set forth in paragraph "28" of the Complaint, except admits that Defendant was arrested for grand larceny.

29. Denies the allegations as set forth in paragraph "29" of the Complaint except admits that Defendant pled guilty to larceny and was sentenced to 5 years' probation.

30. Admits the allegations as set forth in paragraph "30" of the Complaint.

31. Denies the allegations as set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "32" of the Complaint.

33. Denies the allegations as set forth in paragraph "33" of the Complaint.

34. Denies the allegations as set forth in paragraph "34" of the Complaint.

35. Denies the allegations as set forth in paragraph "35" of the Complaint.

36. Admits the allegations as set forth in paragraph "36" of the Complaint.

37. Denies the allegations as set forth in paragraph "37" of the Complaint.

38. Admits the allegations as set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "39" of the Complaint.

40. Denies the allegations as set forth in paragraph "40" of the Complaint.

41. Denies the allegations as set forth in paragraph "41" of the Complaint, except admit that Defendant was interviewed from his apartment.

42. Denies the allegations as set forth in paragraph "42" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the specific topics discussed during the interview.

43. Denies the allegations as set forth in paragraph "43" of the Complaint.

44. Denies the allegations as set forth in paragraph "44" of the Complaint.

45. Denies the allegations as set forth in paragraph "45" of the Complaint.

46. Denies the allegations as set forth in paragraph "46" of the Complaint.

47. Denies the allegations as set forth in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "50" of the Complaint.

51. Admits the allegations as set forth in paragraph "51" of the Complaint.

52. Denies the allegations as set forth in paragraph "52" of the Complaint.

53. Denies the allegations as set forth in paragraph "53" of the Complaint.

54. Denies the allegations as set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "56" of the Complaint.

57. Denies the allegations as set forth in paragraph "57" of the Complaint.

58. Denies the allegations as set forth in paragraph "58" of the Complaint.

59. Paragraph "59" of the Complaint calls for conclusions of law, rather than averments of fact, and accordingly, no response is required. To the extent that a response is required, denies the allegations as set forth in paragraph "59" of the Complaint.

60. In response to the allegations set forth in paragraph "60" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

61. Denies the allegations as set forth in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "62" of the Complaint.

63. Denies the allegations as set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

65. Denies the allegations as set forth in paragraph "65" of the Complaint.

66. Denies the allegations as set forth in paragraph "66" of the Complaint.

67. Denies the allegations as set forth in paragraph "67" of the Complaint.

68. Denies the allegations as set forth in paragraph "68" of the Complaint.

69. Denies the allegations as set forth in paragraph "69" of the Complaint.

70. Denies the allegations as set forth in paragraph "70" of the Complaint.

71. Denies the allegations as set forth in paragraph "71" of the Complaint.

72. Denies the allegations as set forth in paragraph "72" of the Complaint.

73. Denies the allegations as set forth in paragraph "73" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75. To the extent Defendant infringed any copyright interest allegedly held by Plaintiff, which Defendant denies, Defendant did so with innocent intent.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76. Plaintiff has not sustained any injury or damage as a result of any act of Defendant's with respect to subject photos.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

77. Plaintiff is barred from recovery for its claim for copyright infringement because Plaintiff has committed misuse of copyright.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

78. Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis* copying, as Defendant's alleged use of any protectable portions of the 374 Photographs has been *de minimis*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79. Plaintiff's claim for copyright infringement is barred because Plaintiff failed to join indispensable parties, including the host of Plastic EP TV.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claim for copyright infringement is barred because any use by Defendant was a fair use.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

81. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of others for whom the Defendant is not responsible, and was not the proximate result of any act of Defendant.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**

82. Defendant has not violated any duties to Plaintiff.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

83. These claims, in whole or in part may be barred by the statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

84. Plaintiff failed to mitigate her damages.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE**

84. One or more of the contract terms is indefinite.

**AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE**

85. The contract is unconscionable.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

86. Duress.

**AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE**

87. Defendant was mistaken about a material fact.

**WHEREFORE,** Defendant FREDERIC SEAMAN requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 24, 2020

BRUSTEIN LAW PLLC

A*ttorneys for Defendant Frederic Seaman*

By: /s/
_____
Evan Brustein
299 Broadway
17th Floor
New York, New York 10007
917-769-8748

To: *Attorneys for all parties*
   (*via ECF*)