**SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP**
ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001
ENTRANCE ON 35TH STREET

J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN
MICHAEL B. FRISCH
ELLIOT A. RESNIK
JOSEPH M. CONLEY
ANDREW J. DUNN
―――――
JUDITH A. MEYERS[+]

PETER S. SHUKAT (1970-2014)
ALLEN H. ARROW (1954-2016)
―――――
TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
―――――
[+]OF COUNSEL

WRITER'S E-MAIL:
dorothy@musiclaw.com

December 18, 2020

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

>    Re:  *Yoko Ono Lennon v. Frederic Seaman.*, No. 1:20-cv-08176-PAE

Dear Judge Engelmayer:

Pursuant to the Court's Order dated November 25, 2020 (Dkt. 18), the parties respectfully submit this joint-letter in advance of the Initial Pretrial Conference scheduled for December 23, 2020 at 10:30 a.m., together with the Proposed Case Management Plan and Scheduling Order.

### Plaintiff's Submission

Plaintiff Yoko Ono Lennon ("Plaintiff") is an internationally known philanthropist and artist and is the widow of the late John Lennon. Defendant Frederic Seaman ("Defendant") was an employee of the Lennon Family, and his history of criminal behavior and betrayal toward Plaintiff and her family is fully detailed in the Complaint. Dkt. 1. ("Compl."). In 1983, Defendant was indicted and pled guilty to grand larceny, with such plea bargain contingent upon, *inter alia*, a promise to return all property stolen from Plaintiff and her family. Compl. ¶s 14-32, and Dkt. 1-3. Notwithstanding a guilty plea and purported return of the property, Plaintiff later discovered that Defendant had not returned all of the property and had further exploited Plaintiff and her family. Plaintiff filed a civil action against Defendant in this District in 1999. Compl. ¶s 9-11, 34-35. After a jury trial, Defendant agreed to a Final Judgment on Consent which was so ordered by the Hon. Leonard B. Sand in 2003 (the "Consent Judgment", Dkt. 1-1). Compl. ¶s 9-11, 36-38.

This action arises out of Defendant's violation of the clear and unambiguous terms of the Consent Judgment by which Defendant was perpetually and permanently enjoined from divulging, exploiting, publicizing, commercially or otherwise, any information, facts, anecdotes, or other statements relating *in any way* to John Lennon or the Lennon Family, publishing photographs of the Lennon Family, and reissuing or reprinting the book *The Last Days of John Lennon* (the "Book"). Consent Judgment ¶ 1. Defendant was also enjoined from displaying or publishing any image of the Lennon family, including certain copyrighted photographs. *Id*. at ¶s 1(a), 2.

Plaintiff commenced this action after learning of Defendant's interview on September 9, 2020 with Plastic EP TV in Australia (the "Australian Interview") wherein he also displayed several of the enjoined, copyrighted photographs. Compl. ¶s 41-45. The Australian Interview, combined with Defendant's failure and refusal to respond to Plaintiff's request to cease and desist (Dkt. 1-5), show

this is not an innocent, isolated incident: it is, instead, part of a pattern of cavalier disregard for the Consent Judgment. By this action, Plaintiff above all seeks to ensure that the Defendant is stopped from his expanding violations and ensure compliance with the Consent Judgment.

### Defendant Does Not Dispute the Validity of the Consent Judgment and Plaintiff's Contemplated Motion for Contempt and Summary Judgment

In Defendant's Answer (Dkt. 17), Defendant admits the Consent Judgment (Answer ¶s 10, 38); admits that it was entered after a jury trial (*Id.* ¶ 11); admits the terms and conditions of the Consent Judgment (*Id.* ¶s 12-13); and likewise admits to the terms of his criminal plea bargain agreement. Answer ¶ 30.

Since filing the Complaint, Plaintiff discovered additional evidence that Defendant has engaged in other violations of the Consent Judgment. Given Defendant's contempt and clear intent to continue and expand his exploitation of Mr. Lennon's widow and son, Sean, Plaintiff will move for Contempt of Court and Summary Judgment on Counts two and three of the Complaint based on the undisputed facts. Answer ¶s 10-13, 36.[1]

### Defendant's Expanding Contumacious Conduct

#### The Frawley Interview

In or about 2017, Defendant participated in a radio interview on "Anna Frawley's Beatle Show" (the "Frawley Interview") where he discussed, *inter alia*, Mr. and Mrs. Lennon's marriage and made statements such as "[Yoko] was able to almost brainwash [John]."

#### The Womack Book Interviews

On or about September 15, 2020, Kenneth Womack published a book entitled *John Lennon 1980: The Last Days in the Life* (the "Womack Book"). On information and belief, Defendant was interviewed for the Womack Book twice, solely in connection with the very topics he was enjoined from providing. The endnotes to the Womack Book indicate that Defendant was interviewed in December of 2017 and again on September 19, 2019 (the "Womack Interviews").

#### Beatles Stories Interview

Another Consent Judgment violation by Defendant is his interview for the movie *Beatles Stories: A Fab Four Fan's Ultimate Road Trip*, released in September 2012 (the "Beatles Stories Interview"). In a portion currently available on YouTube, Defendant, sitting outside at a restaurant, gives an interview wherein he only discusses his time employed by Mr. Lennon.

#### GoFundMe Page

The contempt for the Consent Judgment and Defendant's disdain for Mrs. Lennon is nowhere more apparent than his GoFundMe page in which he not only admits to in the Interview but also violates the Consent Judgment. On December 7, 2020, the eve of the 40th anniversary of John Lennon's murder, Defendant posted a statement discussing his employment with the Lennons; accusing Mrs. Lennon of harassment and intimidation that began after he left her employ – a revisionist version of facts.[2]

---

[1] Defendant opposes the filing of a partial summary judgment motion prior to the close of fact discovery and Defendant does not agree to a stay of discovery.

[2] Defendant's attorney worked with Plaintiff's counsel to modify the offending language which was removed on December 9, 2020. Notwithstanding that Plaintiff did not waive her position that the post was an additional violation of the Consent Judgment.

Based on these violations of the Consent Judgment, Plaintiff will move, as set forth in the Scheduling Order, for contempt sanctions and summary judgment against Defendant on Counts Two and Three, together with attorneys' fees and costs expended for willful violations and enforcing the Consent Judgment. In the last few years, Defendant has been aggressively expanding his knowingly willful conduct, clearly in the hope of again "cashing in" on his schemes. Plaintiff believes that the contempt motion and summary judgment will be dispositive of this action without need for discovery or trial[3]. Plaintiff does not seek any duplicative damages as part of her breach of contract and copyright claims and seeks her damages based on Defendant's contempt of the Consent Judgment.

### Defendant's Submission

Defendant denies the allegations made by Plaintiff. While Defendant does not dispute that he "was perpetually and permanently enjoined from divulging, exploiting, publicizing, commercially or otherwise, any information, facts, anecdotes, or other statements relating in any way to John Lennon or the Lennon Family," Defendant disputes that it is a blanket ban on all things "Lennon" as Plaintiff claims it to be. Additionally, the Consent Judgment did not preclude Defendant from having photographs of John Lennon in his home. Defendant submits that he has not violated the Consent Judgment.

### Conclusion

The parties met and conferred on December 10, and 15, 2020. At this time there is no settlement, but the parties will continue to engage in settlement discussions. Defendant does not consent to bifurcation of this action between liability and damages.

The parties have also agreed, subject to the approval of the Court, to the following schedule in connection with Plaintiff's Motion for Contempt: Plaintiff's motion to be filed no later than January 5, 2021; Defendant's opposition to be filed no later than January 26, 2021, and Plaintiff's reply to be filed no later than February 5, 2021. Defendant has agreed, without prejudice to any position he will take in the action, to a standstill of any conduct which may be violative of the Consent Judgment, pending the filing and decision of the Court of the Plaintiff's motion for contempt.

Respectfully submitted,

| BRUSTEIN LAW PLLC | SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP |
|---|---|
| _/s/ Evan Brustein_ | _/s/ Dorothy M. Weber_ |
| Evan Brustein, Esq. | Dorothy M. Weber, Esq. |
| *Attorneys for Defendant* | Joseph M. Conley, Esq. |
| *Frederic Seaman* | *Attorneys for Plaintiff* |
|  | *Yoko Ono Lennon* |

Encl.

---

[3] Other than discovery from Defendant concerning his conduct in granting interviews which were never published or which have not yet been made publicly available. The Consent Judgment is clear and unambiguous and there is no need for any parole evidence.