**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

YOKO ONO LENNON,                                    Case No.: 1:20-cv-08176-PAE

               Plaintiff,

  -against-

FREDERIC SEAMAN,

               Defendant.
-----------------------------------------------------------x

## STIPULATED SO-ORDERED SETTLEMENT

This Settlement Agreement (hereinafter the "Settlement Agreement"),

entered into this 13th day of January, 2021, is made by and between Plaintiff Yoko

Ono Lennon ("Lennon" or "Plaintiff") on one side, and Defendant Frederic

Seaman on the other ("Seaman" or "Defendant").  Lennon and the Defendant

collectively shall also be defined as "Parties".

## RECITALS

**WHEREAS,** Plaintiff, Yoko Ono Lennon having filed a Complaint against

the above-referenced Defendant on October 1, 2020;

**WHEREAS,** the parties had previously entered into a Consent Judgment

signed by the Court on June 27, 2003 (the "2003 Order");

**WHEREFORE,** Plaintiff and Defendant hereto desire to enter into this

Settlement Agreement to settle all disputes between them, including, but not limited

to, all claims, differences, rights, interests and obligations which may exist and/or which each may claim to exist between them in any manner relating to the above-captioned action, to confirm and memorialize their agreement on all of the terms and subject to all of the conditions set forth herein, and to set forth their rights and obligations with respect thereto.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Settlement</u>.

1.1.   The Whereas provisions are incorporated herein and made part hereof;

1.2.   The Parties hereby agree to the entry of a Court Ordered Permanent Injunction.  The proposed Order is annexed hereto as Exhibit "A".  As between the Parties, the provisions of this Order of Permanent Injunction shall be and become effective immediately upon its execution by the Parties, and need not await execution by the Court.

1.3.   Seaman ratifies and reaffirms all provisions of the 2003 Order annexed hereto as Exhibit B, it being understood and agreed that there shall be two separate binding Injunctions.  For avoidance of doubt, the Injunctions and restrictions against Seaman are absolute and intended to be as broad as possible. Even if the information is otherwise in the public domain or previously published,

2

Seaman is precluded from making any statements to a third party concerning or relating to John Lennon individually or as a member of the Beatles, Yoko Ono Lennon or Sean Lennon (the "Lennon Family") other than an attorney-client discussion. If Seaman wishes to have a personal discussion with a third party, he must provide them with a copy of the Order of Permanent Injunction and 2003 Order and within five (5) days of such delivery provide such third party name and contact information to Plaintiff as set forth in paragraph 11.

1.4.    Defendant has withdrawn the following affirmative defenses: misuse of copyright, the contract is unconscionable, and duress.

1.5.    Defendant hereby agrees, acknowledges, and judicially admits that he was on notice of the 2003 Order and that Defendant's conduct as set forth in the Complaint and in paragraph 1.6 were violations of the 2003 Order.

1.6.    Seaman judicially admits the Plastic EP TV Podcast, interviews with Anna Frawley, Kenneth Womack, Maria Martin and his December 7, 2020 Go Fund Me post all violated the 2003 Order, and the other violations as set forth in his Declaration dated January 13, 2021 attached hereto as Exhibit C and made part hereof violated the 2003 Order.

1.7.    The Parties hereby agree that the Order of Permanent Injunction shall contain the broadest language and restrictions and shall enjoin him from <u>any</u> use of the name, image, likenesses, copyrights, and trademarks of John Lennon, whether

3

individually or as a member of the Beatles, Yoko Ono Lennon, Sean Lennon or the Lennon Family. The restraint on Fred Seaman is forever and worldwide and these prohibitions shall likewise bind his Estate from public dissemination of any information.

1.8.    Seaman shall affirmatively advise all third parties of the Injunctions (even in private discussions) as an additional protection against any public disclosure of any kind or nature.

1.9.    As damages for the copyright infringement, Seaman agrees to the entry of a five thousand ($5,000) dollar non-dischargeable judgment against Defendant Frederic Seaman. Enforcement of the Judgment shall be stayed unless there is a default by Seaman as set forth in Paragraph 3 below. The Parties agree that the broadest and fullest enforcement guarantees shall apply to the non-dischargeabilty of the five thousand ($5,000) dollar judgment.

1.10.   As part of the five thousand ($5,000) dollar judgment, Lennon knowingly and voluntarily releases Seaman from any and all claims asserted in the Complaint or unasserted from the beginning of the world through October 1, 2020 as well as related to Seaman's December 7, 2020 Go Fund Me post.

1.11.  The five thousand ($5,000) dollar judgment does not include any conduct by Defendant Frederic Seaman after the date of the execution of this settlement agreement or a release of any third party who dealt with Frederic Seaman. The Go Fund Me violation is included as part of the damages.

1.12.  If anyone requests an interview or otherwise, Seaman's sole response shall be as follows: "I am not permitted to discuss any matter concerning the Lennons with you pursuant to two federal court orders."

1.13.  Nothing herein shall prevent Plaintiff and her attorneys from disseminating, publishing and discussing the Orders, it being the intent of the Plaintiff and her attorneys to do so as broadly as possible.  The press release shall be in substantially the same form as attached hereto as Exhibit D.

1.14.  Defendant Frederic Seaman shall have no right to issue a press release of his own and shall not authorize any third party to do so.

1.15.  Seaman warrants and represents he has turned over any and all originals (except for a gold record from Geffen Records) or copies of any materials, or any nature whatsoever in his possession, custody, or control (including without limitation, any material stored in a storage facility, or at the home or other premises of a third party) which relate in any way to John Lennon, Yoko Ono Lennon, or Sean Lennon (unless this settlement expressly provides otherwise, and except for mass produced publicly available merchandise, and

except for the documents comprising Plaintiff's Exhibit 16 placed in evidence at trial), including, but not limited to:

1.15.1.  any and all slides, negatives, prints or photocopies (black and white or color) of, or any other medium (including videocassette) containing, any photograph featuring an image of any member of the Lennon Family, including, without limitation, the 374 Photographs;

1.15.2.  and any all copies, in any medium or format, of the Cannon Hill Video;

1.15.3.  any documents with John Lennon's, Yoko Ono's, and/or Sean Lennon's handwriting;

1.15.4.  any artwork by John Lennon, Yoko Ono, and/or Sean Lennon;

1.15.5.  any correspondence to or from any member of the Lennon Family; and

1.15.6.  any video or audiotape containing the image or voice of any member of the Lennon Family.

2.  <u>Photographs</u>.  Seaman agrees that he shall never publicly use or publicly display a photograph of John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family, even with a third party photographer's permission.

3.    <u>Default Event</u>.  The following shall constitute a breach of this So
Ordered Settlement.

3.1.    Breaching any provision of Paragraphs 1, 2, 4 and 5.

3.2.    In the event of a breach of the 2003 Order or the Order of Permanent
Injunction, the stay of enforcement shall automatically be lifted.

3.3.    In the event that an interview of Seaman which predates this
agreement is used in any publication, Seaman shall have five business (5) days
from notification by Plaintiff's counsel to provide Plaintiff's counsel with an
email, to the email address provided under separate cover, stating that Seaman is
requesting the interview be removed from the publication.  In the event such
written confirmation from Seaman is not received within five business days, then
Plaintiff shall be entitled to a one thousand ($1,000) dollar a day fine until the
email requesting removal of the offending material is provided to Plaintiff's
counsel.  For avoidance of doubt, interview shall be defined as broadly as possible
and shall include but is not limited to dialogue, consultation, statement, discussion,
whether in person or otherwise, including but not limited to social media or an
audience of any kind or nature known or developed in the future.

3.4.    Plaintiff's counsel shall notify Seaman of any publications referenced
in 3.3 which breaches this agreement by email and certified mail.  Plaintiff's
counsel shall also be authorized, but not obligated, to additionally leave a

7

telephone message with Seaman.  The five business days within which Seaman must provide an email response will not begin until Seaman has received the notification by mail, or email whichever is received first.  Should Seaman be delayed in receiving the notification by phone, mail, and email, the burden will be on Seaman to establish that he had not timely received the notifications.

3.5.    In the event that there is a non-curable breach (for avoidance of doubt, Seaman conducting an interview after the execution of this agreement which is published or publication of any part of a book or article regarding John Lennon, Yoko Ono Lennon or Sean Lennon in which Seaman participates), Seaman agrees to liquated damages in the amount of fifteen thousand ($15,000) dollars in addition to the fines set forth in paragraph 3.3 and legal fees set forth in paragraph 20.

3.6.    In the event of any breach, the stay of the Judgment shall automatically be lifted.

4.    Return of Photographs.  Pursuant to paragraphs 10(a) of the 2003 Order, Seaman shall immediately return all copies of the 374 Photographs. Seaman represents that he no longer possesses the 374 Photographs at issue as they were destroyed during Hurricane Sandy.  Seaman also warrants and represents that he made no insurance claim; received no monies for the photographs and did not provide copies of any of the photographs to any third party.

5.    Disclosure.  Seaman warrants and represents that he has provided all documents responsive to the Plaintiff's First Document Demand dated December 23, 2020 which disclosures are identified in those documents.

6.    Further Cooperation.  The Parties agree to assist one another in faithfully performing all of their obligations under this Settlement Agreement.  The Parties further agree to promptly perform any additional acts, including preparation, filing and execution of any and all such additional agreements, as may be necessary to effectuate this Settlement Agreement and are reasonably requested of one party of the other.  Further, the Parties agree to perform their obligations under this Settlement Agreement in good faith.

7.    Integration Clause.  This Settlement Agreement, including the documents referenced herein, sets forth all promises, covenants, agreements, conditions and understandings of the Parties with respect to the subject matter hereof and, supersedes all prior and contemporaneous negotiations, representations, understandings, inducements, conditions, and agreements, express or implied, with respect to the subject matter thereof except as set forth herein. This Settlement Agreement may not be modified, amended, altered or supplemented except by a written instrument signed by all Parties hereto.

8.    Authority.

8.1.    Each Party hereto represents and warrants that: (a) he/she/it has the power and authority to execute and deliver this Settlement Agreement, (b) his/her/its execution, delivery, and performance of this Settlement Agreement does not and will not contravene the terms of any applicable agreements, instruments or laws; (c) he/she/it has the power and authority to perform their obligations hereunder; (d) he/she/it has not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of any claim, right, interest or other entitlement which is agreed to be dismissed or released herein; (e) the Settlement Agreement constitutes their legal, valid, and binding obligation in accordance with its terms; (f) he/she/it has had an adequate opportunity to consult and has consulted with their attorneys prior to entering into this Settlement Agreement; and (g) in executing this Settlement Agreement, he/she/it has not relied upon any statements or representations not expressly set forth in this Settlement Agreement.  This paragraph shall survive the delivery of documents and consideration required herein and any termination of this Settlement Agreement.

8.2.    Each Party acknowledges receipt of legally sufficient consideration for this Settlement Agreement as set forth herein.

9.   <u>Parties</u>.  This Settlement Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, estates, successors and assigns, except as set forth herein.

10.   <u>Construction of Agreement</u>.  The Parties acknowledge and agree that this Settlement Agreement is the product of drafting by all Parties and therefore agree that in the event of any dispute arising concerning the construction or interpretation of this Settlement Agreement or the terms thereof, any ambiguities which may be found herein shall be interpreted and construed according to the fair and reasonable meaning of the language used considering the stated intentions of the Parties.  Any rules of construction to the effect that ambiguities be resolved against the drafting Party, shall not apply in the interpretation and construction of this Settlement Agreement.

11.   <u>Notification</u>.  Any and all notices required by this Settlement Agreement shall be made by personal delivery or overnight courier with a copy by email to the addresses below or such change(s) of address as are permitted pursuant hereto:

**Yoko Ono Lennon**
Dorothy M. Weber, Esq.
Jonas Herbsman, Esq.
Shukat Arrow Hafer Weber & Herbsman, LLP
494 Eighth Avenue, 6ᵗʰ Floor
New York, NY 10001
Tel: (212) 245-4580
Fax: (212) 956-6471
Emails: dorothy@musiclaw.com
          jonas@musiclaw.com

**Frederic Seaman**
Provided under separate cover

Notices shall be deemed given on the date received.  The Parties are obligated to advise of their new address or contact information immediately.

12.    Survivability.  All covenants and agreements contained herein shall survive the execution of this Settlement Agreement.

13.    Severability.  If any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable under present or future laws effective during the term of this Settlement Agreement, such provision shall be fully severable.  In lieu thereof, the Parties agree that there shall be added a provision as similar in terms and effect to such illegal, invalid or unenforceable provision as possible.

14.    No Waiver.  No waiver of any provision of this Settlement Agreement shall be valid unless in writing and signed by the Parties.  The failure of any Party at any time to insist upon strict performance of any condition, promise, agreement or understanding set forth in this Settlement Agreement, shall not be construed as a

waiver or relinquishment of the right to insist upon strict performance of the same condition, promise, agreement or understanding at a future time.

15. <u>Jurisdiction</u>. This Court retains jurisdiction of the parties hereto for the purpose of any proceedings in connection with the So Ordered Settlement or the Order of Permanent Injunction.  In the event Defendant violates any of his obligations hereunder, and as a result Plaintiff initiates a legal proceeding to enforce her rights under this Settlement or the Injunctions, Defendant hereby agrees that Plaintiff will be irreparably harmed by such breach and entitled to immediate injunctive relief and he waives any defense of Statue of Limitations, laches, estoppel, waiver, acquiescence or any other statutory or equitable defense.

16. <u>Stipulation of Dismissal</u>. The Action, including all claims and counterclaims that could have been asserted therein, shall be dismissed with prejudice, and without costs and disbursements to any party.  Simultaneously with the execution of this Settlement Agreement, the parties, by their counsel, will execute a Stipulation and an Order of Dismissal with Prejudice (the "Stipulation of Dismissal") in the form annexed hereto as Exhibit E.  Within five (5) days following receipt by Plaintiff's counsel of the materials described in Paragraph 5 hereof, Plaintiff's counsel shall cause the Stipulation of Dismissal to be filed with the United States District Court for the Southern District of New York for Signature by the Court.

17.    Governing Law.  This Settlement Agreement shall be governed, construed, interpreted, and enforced in accordance with the substantive law of the State of New York applied to agreements made and to be performed wholly within New York without giving effect to the principles of conflicts of laws.

18.    Headings.  All headings and captions contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

19.    Payment of Fees in the Event of a Breach of the Settlement Agreement.  In the event that it shall be determined by a court of competent jurisdiction that either party shall have breached any material provision of this Settlement Agreement, the breaching party shall pay to the adverse party its actual attorneys' fees, court costs and other expenses incurred in the enforcement of any provision of this Settlement Agreement.

20.    Counterparts.  The Parties may execute this Settlement Agreement in duplicate counterparts, each of which shall be deemed an original, and all of which together constitute but one and the same instrument.  The Parties agree, however, that they shall cause to be fully executed, an original copy for each party.

**IN WITNESS WHEREOF,** each of the undersigned confirms that they have read the Settlement Agreement, that they fully understand all of its terms, and that they execute it voluntarily in the full knowledge of its significance on the date set forth herein.

YOKO ONO LENNON

By: _____

Print Name: _____

Title:_____

FREDERIC SEAMAN

By:_____

Print Name: _Frederic Seaman_

Title:_____

**SO ORDERED:**

_____

**Hon. Paul A. Engelmayer**

**Dated:** _____

15

**IN WITNESS WHEREOF,** each of the undersigned confirms that they have read the Settlement Agreement, that they fully understand all of its terms, and that they execute it voluntarily in the full knowledge of its significance on the date set forth herein.

YOKO ONO LENNON

By: _____

Print Name: _YOKO ONO LENNON_

Title: _____

FREDERIC SEAMAN

By: _____

Print Name: _Frederic Seaman_

Title: _____

SO ORDERED:

_Paul A. Engelmayer_

Hon. Paul A. Engelmayer

Dated: _January 19, 2021_

15

**Approved as to form**:

By: _____

Dorothy M. Weber, Esq.
Attorney for Yoko Ono Lennon

Date: January 13, 2021

By: _____

Evan Brustein, Esq.
Attorney for Frederic Seaman

Date: January 13, 2021

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

YOKO ONO LENNON,                                    Case No.: 1:20-cv-08176-PAE

                Plaintiff,

    -against-

FREDERIC SEAMAN,

                Defendant.

------------------------------------------------------------x

## ORDER OF PERMANENT INJUNCTION

WHEREAS, by Complaint dated April 13, 1999, Plaintiff Yoko Ono Lennon

commenced an action against Defendant Frederic Seaman in the United States

District Court for the Southern District of New York, Index No. 99 Civ. 2664 (the

"2002 Action"); and

WHEREAS, the issues in the 2002 Action were duly tried before a jury on

September 23, 2002 through September 26, 2002, both parties appearing by counsel;

and

WHEREAS, at the conclusion of all of the evidence on September 26, 2002,

the parties consented (1) to the issuance of a Final Judgment on Consent, and (2) to

waive any right to appeal from any such Final Judgment on Consent that they, or

either of them, may have; and

WHEREAS, the Honorable Leonard B. Sand signed the Final Judgment on Consent on June 27, 2003 (the "2003 Order");

WHEREAS, by Complaint dated October 1, 2020, Plaintiff Yoko Ono Lennon commenced this action for, inter alia, violation of the 2003 Order, Breach of Contract, Copyright Infringement and fraud ("2020 Complaint"); and

WHEREAS, Defendant Frederic Seaman judicially admits he was on notice of the 2003 Order and that the Plastic EP TV Podcast, interviews with Anna Frawley, Kenneth Womack, Maria Martin and his December 7, 2020 Go Fund Me post all violated the 2003 Order and the other violations as set forth in his Declaration dated January 13, 2021; and

WHEREAS, Plaintiff and Defendant Frederic Seaman, having stipulated to an injunction and judgment in favor of Plaintiff and against Defendant Frederic Seaman in a So Ordered Settlement Agreement entered into on January 13, 2021;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that injunctive relief is granted in favor of Plaintiff Yoko Ono Lennon ("Plaintiff"), and that Defendant Frederic Seaman, his entities, successors, estate, assignees, designees, officers, directors, employees, agents, partners, representatives or affiliates, or anyone acting in concert with Defendant, and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

2

1.    From divulging, discussing, exploiting, or publicizing, commercially or otherwise for any purpose whatsoever including but not limited to social media of any kind or nature, in any manner or medium now and hereafter devised whatsoever, any information, facts, anecdotes, or other statements relating in any way whatsoever about or concerning John Lennon (whether individually or as a member of the Beatles, hereinafter jointly "John Lennon"), Yoko Ono Lennon or Sean Lennon (collectively the "Lennon Family"). For avoidance of doubt, this Injunction includes any statement or release of information whether or not otherwise previously disclosed by Seaman or others or whether or not Defendant is paid or not for same whether claimed to be fair use or not. It is understood and agreed that Seaman is ordered prior to any private discussion with a third party , to provide such third party with a copy of this Injunction and 2003 Order;

2.    Using the name John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family, including without limitation, their voice, audio recordings, film footage and/or music, or any part or portion thereof; using a song title or song lyrics written, owned or performed by John Lennon, Yoko Ono Lennon and Sean Lennon, whether claimed to be fair use or otherwise.

3.    Preparing or assisting anyone in the preparation of any statements, podcasts interviews, books, articles, television or motion picture productions, social media in any and all media now known or developed in the future, and/or other creation of

material of any kind or nature whatsoever directly, or indirectly, concerning or relating to John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family including without limitation, any material concerning any person, whether or not fictional, whom any member of the public could or might associate with John Lennon, Yoko Ono Lennon or Sean Lennon or the Lennon Family (regardless of whether or not there shall appear any disclaimer purporting to associate such fictitious person with John Lennon and/or Yoko Ono Lennon, Sean Lennon and/or the Lennon Family);

4. Publishing in any manner or in any form the book, <u>The Last Days of John Lennon</u> or any version thereof, or any of the contents thereof in whole or in part, under any title, authored by Defendant Frederic Seaman or ghost written on his behalf, and including but not limited to any reprinting or republication of any other version, anecdote, derivative work or otherwise by Frederic Seaman relating to the Lennon Family which has been published or publicly displayed prior to the date hereof, including without limitation, any magazine articles or videos. For avoidance of doubt, Seaman shall not create any work regarding John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family.

5. Engaging or causing any third party to engage in any other activities constituting copyright or trademark infringement, of every kind or nature, unfair

competition, trademark dilution, trademark disparagement or any other violation of Plaintiff's trademarks and/or copyrights; or

6.   Aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

7.   Holding themselves out in any manner whosoever as being licensed by, associated with, or in any manner affiliated with John Lennon, Yoko Ono Lennon, Sean Lennon and/or the Lennon Family, directly or indirectly.


IT IS FURTHER ADJUDGED, ORDERED and DECREED:

1.   that the 2003 Order is hereby ratified and reaffirmed;

2.   that Judgment in the amount of five thousand ($5,000) dollars is entered in favor of Plaintiff;

3.   that this Court shall retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce this injunction;

4.    that the parties hereto have waived appeal from this injunction and judgment;

5.   that this injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns; and

6.      that Plaintiff shall not be required to post any bond with the Clerk of

the Court.

**SO ORDERED:**

_____

**Hon. Paul A. Engelmayer**

**Dated:** _____

## CONSENT, WAIVER AND STIPULATION

  As between the parties, the provisions of the Order of Permanent Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

**Frederic Seaman**

By: _____

  Frederic Seaman

Date: _1/14/21_____

**Approved as to form**:

By: _____

  Dorothy M. Weber, Esq.
  Attorney for Yoko Ono Lennon

Date: _1.13.2021_____

By: _____

  Evan Brustein, Esq.
  Attorney for Frederic Seaman

Date: _1/13/21_____

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

_U.S. DISTRICT COURT_
_FILED_
**JUN 30 2005**
_S.D. OF N.Y._

YOKO ONO LENNON,

                         Plaintiff,

       - against -

FREDERIC SEAMAN,

                         Defendant.

99 Civ. 2665 (LTS) (JCF)

**FINAL JUDGMENT ON
CONSENT**

WHEREAS, by complaint dated April 13, 1999, plaintiff Yoko Ono Lennon commenced

an action against defendant Frederic Seaman in the United States District Court for the Southern

District of New York, Index No. 99 Civ. 2665 (the "Action"); and

WHEREAS, the issues in the Action were duly tried before a jury on September 23, 2002

through September 26, 2002, both parties appearing by counsel; and

WHEREAS, at the conclusion of all of the evidence on September 2~~5~~, 2002, the parties

consented (1) to the issuance of this Final Judgment on Consent, and (2) to waive any right to

appeal from any such Final Judgment on Consent that they, or either of them, may have; and

NOW pursuant to the consent and agreement of the parties, it is hereby FINALLY

ADJUDGED, ORDERED and DECREED that:

     1.     Defendant Frederic Seaman, and anyone acting in concert or participation with

him _+ its representatives, assigns, administrators and heirs are_ is hereby permanently and perpetually enjoined from divulging, exploiting, or publicizing,

commercially or otherwise, in any manner or medium _now or hereafter devised_ whatsoever, any information, facts,

anecdotes, or other statements relating in any way to John Lennon, Yoko Ono Lennon or Sean

Lennon (collectively "The Lennon Family"). For the avoidance of doubt, this injunction

includes, without limitation, statements made in books, fiction or non-fiction, magazine articles,

press interviews, television reports, documentaries, radio interviews, audio recordings, film or

_, on Sept 25, 2002, the Court, pursuant to rule 50 of the Federal_
_Rules of Civ. Procedure found, interalia, that π Y.O.L had, as a_
_matter of law, ~~four~~ prevailed on π's 10th + 11th Causes of Action_
_for breach of contract and was entitled to relief on such claims, including_
_injunctive relief; and_

video recordings, or any other medium of public dissemination. For the further avoidance of doubt, this injunction also applies to the publication of any image of the Lennons (or any one of them) including, without limitation,

    (a)   the 374 photographs at issue in this Action, copies of which were marked during the trial herein as Plaintiff's Exhibits 1, 2, and 4 (the "374 otherwise Photographs"); and

    (b)   copies, in any medium, of the "Cannon Hill Video," a copy of which was marked during the trial herein as Plaintiff's Exhibit 6 (the "Cannon Hill Video"), or any portion whatsoever thereof;

For the further avoidance of doubt, this injunction also applies to any reprinting or reissuance of the book, The Last Days of John Lennon, or any version thereof, authored by defendant Frederic Seaman, and to any reprinting or republication of any other work by Frederic Seaman relating to the Lennons which has been published or publicly displayed prior to the date hereof, including without limitation, any of the magazine articles or videos which were at issue in the Action.

    2.    By this Judgment, it is hereby declared that the 374 Photographs and any other photograph taken by Frederic Seaman of any member of the Lennon Family, or taken on or at premises owned or controlled by John Lennon and Yoko Ono Lennon (collectively the "Lennons"), are works-made-for-hire for the Lennons and, accordingly, Mrs. Lennon, as successor to all joint interests of the Lennons, is the rightful owner of the copyrights therein. It is further declared that Frederic Seaman has not and has never had rights to the copyrights to the 374 Photographs or any such photographs which he took of the Lennons or at premises owned or controlled by the Lennons.

0845733v2

3.        Within ten (10) days of the date of this Judgment, Frederic Seaman shall deliver to Mrs. Lennon any and all originals or copies of any materials, of any nature whatsoever, in his possession, custody, or control (including without limitation, any material stored in a storage facility, or at the home or other premises of a third party) which relate in any way to John Lennon, Yoko Ono Lennon, or Sean Lennon (unless this Judgment expressly provides otherwise, and except for mass produced publicly available merchandise, and except for the documents comprising Plaintiff's Exhibit 16 placed in evidence at trial), including, but not limited to:

    (a)        any and all slides, negatives, prints or photocopies (black and white or color) of, or any other medium (including videocassette) containing, any photograph featuring an image of any member of the Lennon Family, including, without limitation, the 374 Photographs;

    (b)        any and all copies, in any medium or format, of the Cannon Hill Video;

    (c)        any documents with John Lennon's, Yoko Ono's, and/or Sean Lennon's handwriting;

    (d)        any artwork by John Lennon, Yoko Ono, and/or Sean Lennon;

    (e)        any correspondence to or from any member of the Lennon Family; and

    (f)        any video or audiotape containing the image or voice of any member of the Lennon Family.

Upon delivery of such property to Mrs. Lennon, Defendant shall simultaneously deliver an affidavit in the form annexed hereto as Exhibit A, whereby he shall swear, under the penalty of perjury, that he has no material relating to the Lennons remaining in his possession, custody or control, other than as expressly permitted under this Judgment.

96667715v2

4.    Defendant hereby acknowledges that, during the years of his employ with the Lennons, he stole property belonging to the Lennons from the Lennon household and other premises owned or controlled by the Lennons; that he failed ever to return such property, and that he has sold such property on the memorabilia market.

5.    Defendant *personally* agrees to and hereby makes the following public statement *in open court* / *only in open court*:

I wish to offer this public apology to Yoko Ono; I did wrong by you and indeed am guilty of violating your trust. After more than 20 years, it is time for me to ask your forgiveness for my actions. I did in fact steal items from you that once belonged to you and John. These items include diaries, ~~photos~~ documents, and more. I wrote things about you and your family in my book and various tabloids that were ~~untrue~~ *factually inaccurate* and I now realize how much pain and embarrassment I have caused. It is impossible to undo what has taken place. But it stops here and now. I will return any remaining things that I have that are yours. I will refrain from ever writing anything about you or your family or about my time in your employ. I offer no excuse for my conduct and only ask that you can find it in your heart to forgive so I can move on with my life.

6.    Within five (5) days following entry of this Final Judgment and Order, defendant Frederic Seaman shall notify the Register of Copyrights to cancel any and all copyright registrations and/or withdraw any pending copyright applications as to which Frederic Seaman is

- 4 -

98465735v2

identified as the claimant for any of the 374 Photographs or any other photograph or video of the Lennons (or any one of them), including but not limited to the following:

(a)   Registration No. VA ___-___, for a work entitled "John and Sean at Beach";

(b)   Registration No. VA 991-871, for a work entitled "John Lennon: Living on Borrowed Time";

(c)   Registration No. VA 981-919, for a work entitled "Inside John Lennon's Private World";

(d)   Registration No. VA 981-920, for a work entitled "Now It's The Threetles"; and

(e)   Registration No. VAu 456-702, for a work entitled "The Frederic Seaman Lennon Archive."

Defendant Seaman shall provide the Register of Copyrights with a copy of this Final Judgment on Consent and shall provide copies of any correspondence to or from the Register of Copyrights to Plaintiff's counsel, by facsimile, promptly following his sending or receipt of such correspondence.

7.   Upon full execution of this Final Judgment on Consent, Mrs. Lennon shall deliver to Defendant the three volumes of Frederic Seaman's original diaries of which she is presently in possession, provided that Mrs. Lennon shall retain possession of copies of each such diary and Frederic Seaman shall swear by affidavit to the authenticity of each such copy.

8.   Mrs. Lennon agrees that, in the event that she uses the photograph referred to in the Action as "John and Sean at the Beach" (the "Photograph") on any published work not heretofore published in any format or medium (a "New Work"), she shall accord credit to

- 5 -

Frederic Seaman as the photographer.  For the avoidance of doubt, any reprints, reissues, or reproductions of the "Lennon Collection" record jacket featuring the Photograph, or of the booklet contained in the John Lennon Anthology, and any advertisement or promotion therefor featuring the Photograph need not contain a credit to Frederic Seaman. Moreover, in the event that a third party makes a good faith claim that he or she is the actual photographer of the Photograph, Mrs. Lennon's obligation under this paragraph to provide credit to Frederic Seaman on any New Work featuring the Photograph shall be suspended until such claim is resolved. In connection with the foregoing, Mrs. Lennon agrees to promptly notify Defendant of any such claim and to provide Frederic Seaman with such claimant's supporting documentation, if any.

9.      Provided that Defendant is in complete compliance with his obligations hereunder, Mrs. Lennon agrees that within thirty (30) days of Defendant's full and complete delivery to her pursuant to paragraph 3 hereof, she shall deliver to Defendant, at Defendant's cost, a single 4 x 6 color print copy of each of the 374 Photographs, each of which shall bear an imprint stating "© Yoko Ono Lennon.  No rights of reproduction without written permission."

10.     In the event that Defendant violates any of his obligations hereunder, and as a result Plaintiff initiates a legal proceeding to enforce her rights under this Judgment, Defendant hereby:

    (a)     agrees to immediately turn over to Mrs. Lennon each of the 374 Photographs delivered to Defendant pursuant to paragraph 3 hereof;

    (b)     agrees that Plaintiff will be irreparably harmed by such breach and entitled to immediate injunctive relief;

    (c)     waives any defense of Statute of Limitations, laches, estoppel, waiver, acquiescence or any other statutory or equitable defense; and

(d)     agrees to reimburse Plaintiff for her costs, including reasonable attorneys

fees, incurred in connection with any successful claim brought by Plaintiff

to enforce her rights under this Judgment.

11.     The Action, including all claims and counterclaims asserted therein, shall be

dismissed with prejudice, and without costs and disbursements to any party. Simultaneously

with the execution of this Final Judgment on Consent, the parties, by their counsel, will execute a

Stipulation and an Order of Dismissal With Prejudice (the "Stipulation of Dismissal") in the form

annexed hereto as Exhibit B.  Within five (5) days following receipt by plaintiff's counsel of the

materials described in paragraph 3 hereof, plaintiff's counsel shall cause the Stipulation of

Dismissal to be filed with the United States District Court for the Southern District of New York

for Signature by the Court.

12.     Plaintiff Yoko Ono Lennon hereby releases Defendant Frederic Seaman and any

and all of Defendant's heirs, executors, administrators, employees, and agents (the "Defendant

Releasees") from any claim of defamation, slander, libel, or invasion of right of privacy or

publicity arising out of any publication which was specifically placed in evidence at the trial of

this Action.

13.     Defendant Frederic Seaman hereby releases Plaintiff Yoko Ono Lennon and any

and all of Plaintiff's heirs, executors, administrators, employees, and agents (the "Plaintiff

Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts,

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever,

in law, admiralty, or equity, which, against any of the Plaintiff Releasees, Defendant and his

successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by

- 7 -

reason of any matter, cause or thing whatsoever from the beginning of the world to the date hereof.

14.    This Final Judgment on Consent embodies the full, complete, and entire agreement and understanding of the parties of all of the terms and conditions with respect to the matters discussed.

15.    Each of the parties represents that it has the full right, power and authority to enter into this Final Judgment on Consent and to settle the Action as set forth herein and to release the claims it is releasing under this Stipulation and Order of Settlement and Release. Each of the parties further represents that it is the sole owner of each claim that it is releasing hereunder.

16.    This Final Judgment on Consent shall be deemed to have been written jointly by the parties. Ambiguities shall not be construed against the interest of any party by reason of that party having drafted all or any part of this Final Judgment on Consent.

17.    The parties to this Final Judgment on Consent each represent that he/she has read this Final Judgment on Consent and know and understand its contents. The parties understand and expressly agree that this Final Judgment on Consent has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Final Judgment on Consent, have been made or relied upon by any of the parties. The parties acknowledge that they have had the benefit of the advice of legal counsel before executing this Final Judgment on Consent.

Dated: New York, New York
       September 27, 2002

_____          _____
Yoko Ono Lennon                            Frederic Seaman
Plaintiff                                  Defendant


SONNENSCHEIN NATH & ROSENTHAL

By: _____       _____
      Paul V. LiCalsi (        )             Glenn A. Wolther ( S746 )
      Amy J. Lippman (       )               Jay M. Shultz (        )
1221 Avenue of the Americas                305 Broadway, Suite 1102
New York, New York 10020                   New York, New York 10007
(212) 768-6700                             (212) 964-2120

Attorneys for Plaintiff Yoko Ono Lennon    Attorneys for Defendant Frederic Seaman


So Ordered: _____
              Leonard B. Sand
              United States District Judge

                        6/27/03


THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOKO ONO LENNON,

                                          Plaintiff,        99 Civ. 2665 (LBS) (JCF)

                - against -                                 **AFFIDAVIT OF**
                                                           **FREDERIC SEAMAN**
FREDERIC SEAMAN,

                                          Defendant.

STATE OF NEW YORK      )
                      ) ss.
COUNTY OF NEW YORK     )

        FREDERIC SEAMAN, being duly sworn, deposes and says:

        1.      I am the defendant in the above-captioned action. I make this affidavit in

connection with my return of property to plaintiff Yoko Ono Lennon pursuant to Paragraph 3 of

the Final Judgment on Consent entered in this action on September __, 2002 (the "Judgment")

        2.      I hereby swear, under penalty of perjury, that no material relating to the Lennons

remains in my possession, custody, or control, other than as expressly permitted under the

Judgment.

                                          _____
                                          Frederic Seaman

Sworn to before me on this
___ day of September 2002.

_____
        Notary Public

- 10 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOKO ONO LENNON,

                                        Plaintiff,

            - against -

FREDERIC SEAMAN,

                                        Defendant.

99 Civ. 2664 (LBS) (JCF)

STIPULATION ~~AND~~
~~ORDER OF SETTLEMENT~~
~~AND RELEASE~~ *And order of dismissal*

IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their respective undersigned counsel and SO ORDERED by the Court, that this action, including all claims and counterclaims made herein, is hereby dismissed with prejudice with each party to bear its own expenses, costs, and attorneys' fees.

Dated: New York, New York
       September 27, 2002

SONNENSCHEIN NATH & ROSENTHAL

By: _____
    Paul V. LiCalsi (6653)
    Amy J. Lipr     (4283)
30 Rockefeller Plaza, 29th Floor
New York, New York 10112
(212) 698-2422

Attorneys for Plaintiff Yoko Ono Lennon

_____
Glenn A. Wolther (5790)
Jay M. Shultz (     )
305 Broadway, Suite 1102
New York, New York 10007
(212) 964-2120

Attorneys for Defendant Frederic Seaman

So Ordered:

_____
Leonard Sand
United States District Judge
6/27/03

- 11 -

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

YOKO ONO LENNON,                                        Case No.: 1:20-cv-08176-PAE

               Plaintiff,

   -against-

FREDERIC SEAMAN,

               Defendant.
-----------------------------------------------------------x

### DECLARATION

I, Frederic Seaman, declare under penalty of perjury of the law of the state of New York that the statements below herein are truthful and accurate.

1.    To the extent not already agreed in the Settlement, I agree to a Findings of Fact and Conclusions of Law to be so ordered by the Court.

2.    I hereby agree, acknowledge, and admit that I was aware of the language of the 2003 Order and Injunction which stated:

> 1.    Defendant Frederic Seaman, and anyone acting in concert or participation with him, his representatives, assigns, administrators and heirs, are hereby permanently and perpetually enjoined from divulging, exploiting, or publicizing, commercially or otherwise, in any manner or medium now and hereafter devised whatsoever, any information, facts, anecdotes, or other statements relating in any way to John Lennon, Yoko Ono Lennon or Sean Lennon (collectively "The Lennon Family"). For the avoidance of doubt, this injunction includes, without limitations, statements made in books, fiction or non-fiction, magazine articles, press interviews, television reports, documentaries, radio interviews, audio recordings, film or video recordings, or any other medium of public dissemination. For the

further avoidance of doubt, this injunction also applies to the publication of any image of the Lennon Family (or any one of them) including, without limitation,

(a)     the 374 photographs at issue in this Action, copies of which were marked during the trial herein as Plaintiff's Exhibits 2, 3 and 4 (the "374 Photographs"); and

(b)     copies, in any medium, of the "Cannon Hill Video," a copy of which was marked during the trial herein as Plaintiff's Exhibit 6 (the "Cannon Hill Video"), or any portion whatsoever thereof;

For the further avoidance of doubt, this injunction also applies to any reprinting or reissuance of the book, <u>The Last Days of John Lennon</u>, or any version thereof, under any title, authored by defendant Frederic Seaman, and to any reprinting or republication of any other work by Frederic Seaman relating to the Lennons which has been published or publicly displayed prior to the date hereof, including without limitation, any of the magazine articles or videos which were at issue in the Action.  (the "Prohibited Information")

3.     I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Kenneth Womack knowing that these discussions were for the purpose of providing the Prohibited Information to Womack in connection with a book entitled, *John Lennon 1980: The Last Days in the Life* that he was writing on John Lennon.

4.     I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Anna Frawley for public dissemination.

5.      I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Plastic EP TV for public dissemination.

6.      I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Maria Martin for public dissemination.

7.      I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Geoff Edgers for public dissemination.

8.      I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment for publication in Beatles Stories: A Fab Four Fan's Ultimate Road Trip.

9.      I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Jago Lee for public dissemination.

10.    I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Ray Connolly knowing that these discussions were for the purpose of providing the Prohibited Information to Connolly in connection with a book entitled, *Being John Lennon* that he was writing on John Lennon.

11.    I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Scott Reda for public dissemination.

12.    I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Beatle Ed for public dissemination.

13.    I agree, acknowledge and judicially admit that I knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, Sean Lennon and the Lennon Family and my employment with the Lennons with Simon at The Fest for Beatles Fans (formerly, Beatlefest).

14.    I revoke all allegations against Yoko Ono Lennon from my December 7, 2020 Go Fund Me post.  She has not personally harassed or intimidated me.

15.    I agree, acknowledge and judicially admit that I will not publish in any form, verbal or otherwise any portion or all of *Last Days of John Lennon*, updated or otherwise.

16.    I swear under penalty of perjury that the 374 photographs referenced in Paragraph 1 of the 2003 Order were destroyed by Hurricane Sandy.  I made no insurance claim for these photographs or any other property to any insurance company in connection with Hurricane Sandy.  I never provided any of those photographs to any third party after the 2003 Order and Injunction.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

SIGNED this 13th day of January 2021 at New York.

Frederic Seaman

5

Exhibit D

PRESS RELEASE

JUDGE PAUL A. ENGELMAYER HAS SIGNED A PERMANENT INJUNCTION AGAINST FREDERIC SEAMAN, INCORPORATING A PRIOR PERMANENT INJUNCTION AGAINST SEAMAN ENTERED IN 2003.

AS PART OF THE SO ORDERED JUDGMENT AND INJUNCTION, SEAMAN ADMITS  THAT HE VIOLATED THE 2003 ORDER BY GIVING AN INTERVIEW TO AN AUSTRALIAN PODCAST CALLED "PLASTIC EP"; ANNA FRAWLEY, KENNETH WOMACK AND HIS GO FUND ME POST DATED DECEMBER 7, 2020, AMONG OTHERS.

SEAMAN, AS PART OF THE SETTLEMENT REVOKES THE ALLEGATIONS MADE AGAINST YOKO ONO LENNON IN HIS GO FUND ME POST.

SEAMAN ALSO ADMITS THAT HE DOES NOT HAVE ANY RIGHTS IN OR TO ANY PHOTOGRAPHS HE TOOK OF THE LENNON FAMILY AND ACKNOWLEDGES HE AND HIS ESTATE ARE PERPETUALLY ENJOINED FROM SPEAKING ABOUT JOHN LENNON, YOKO ONO LENNON OR SEAN LENNON IN ANY CAPACITY WHATSOEVER INCLUDING BUT NOT LIMITED TO THE PUBLICATION BY ANY MEANS, INCLUDING BUT NOT LIMITED TO PUBLISHING ANY BOOK OR ARTICLES OR OTHERWISE PUBLICLY DISCLOSING SUCH INFORMATION.

A COPY OF THE INJUNCTIONS ARE ATTACHED.

Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 -----------------------------------------------------------------x

YOKO ONO LENNON,                                    Case No.: 1:20-cv-08176

                           Plaintiff,

          -against-

                                                    **STIPULATION OF**
FREDERIC SEAMAN,                                    **VOLUNTARY DISMISSAL**
                                                    **PURSUANT TO F.R.C.P.**
                           Defendant.               **41(a)(1)(A)(ii)**
 -----------------------------------------------------------------x

          IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through

their undersigned counsel, that pursuant to F.R.C.P. 41(a)(1)(A)(ii), the above action is

voluntarily dismissed, with prejudice, with each party to bear her or his own costs, expenses,

and attorneys' fees except as otherwise set forth in the Settlement Agreement.  The Court hereby

retains jurisdiction for the purposes of enforcing the parties' Settlement Agreement dated

January 13, 2021 and the Order of Permanent Injunction dated January 13, 2021.

Dated:     New York, New York
           January __, 2021

**SHUKAT ARROW HAFER WEBER &**          **BRUSTEIN LAW PLLC**
**HERBSMAN, LLP**

By:_____      By:_____
     Dorothy M. Weber (DMW-4734)              Evan Brustein
     494 Eighth Avenue, Suite 600             299 Broadway
     New York, New York 10001                 17th Floor
     (212) 245-4580                           New York, New York 10007
     dorothy@musiclaw.com                     917-769-8748
     *Attorneys for Plaintiff*                evan@brusteinlaw.com
     *Yoko Ono Lennon*                        *Attorney for Defendant*
                                              *Frederic Seaman*

                                         **SO ORDERED**:

                                         _____
                                              Hon. Paul A. Engelmayer
                                              U.S.D.J.

                                         Dated: January ___, 2021