UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

YOKO ONO LENNON,   Case No.: 1:20-cv-08176-PAE

             Plaintiff,

-against-

FREDERIC SEAMAN,

             Defendant.
-------------------------------------------------------------X

## ORDER OF PERMANENT INJUNCTION

WHEREAS, by Complaint dated April 13, 1999, Plaintiff Yoko Ono Lennon commenced an action against Defendant Frederic Seaman in the United States District Court for the Southern District of New York, Index No. 99 Civ. 2664 (the "2002 Action"); and

WHEREAS, the issues in the 2002 Action were duly tried before a jury on September 23, 2002 through September 26, 2002, both parties appearing by counsel; and

WHEREAS, at the conclusion of all of the evidence on September 26, 2002, the parties consented (1) to the issuance of a Final Judgment on Consent, and (2) to waive any right to appeal from any such Final Judgment on Consent that they, or either of them, may have; and

WHEREAS, the Honorable Leonard B. Sand signed the Final Judgment on Consent on June 27, 2003 (the "2003 Order");

WHEREAS, by Complaint dated October 1, 2020, Plaintiff Yoko Ono Lennon commenced this action for, inter alia, violation of the 2003 Order, Breach of Contract, Copyright Infringement and fraud ("2020 Complaint"); and

WHEREAS, Defendant Frederic Seaman judicially admits he was on notice of the 2003 Order and that the Plastic EP TV Podcast, interviews with Anna Frawley, Kenneth Womack, Maria Martin and his December 7, 2020 Go Fund Me post all violated the 2003 Order and the other violations as set forth in his Declaration dated January 13, 2021; and

WHEREAS, Plaintiff and Defendant Frederic Seaman, having stipulated to an injunction and judgment in favor of Plaintiff and against Defendant Frederic Seaman in a So Ordered Settlement Agreement entered into on January 13, 2021;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that injunctive relief is granted in favor of Plaintiff Yoko Ono Lennon ("Plaintiff"), and that Defendant Frederic Seaman, his entities, successors, estate, assignees, designees, officers, directors, employees, agents, partners, representatives or affiliates, or anyone acting in concert with Defendant, and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are perpetually restrained and enjoined as follows:

1.   From divulging, discussing, exploiting, or publicizing, commercially or otherwise for any purpose whatsoever including but not limited to social media of any kind or nature, in any manner or medium now and hereafter devised whatsoever, any information, facts, anecdotes, or other statements relating in any way whatsoever about or concerning John Lennon (whether individually or as a member of the Beatles, hereinafter jointly "John Lennon"), Yoko Ono Lennon or Sean Lennon (collectively the "Lennon Family"). For avoidance of doubt, this Injunction includes any statement or release of information whether or not otherwise previously disclosed by Seaman or others or whether or not Defendant is paid or not for same whether claimed to be fair use or not. It is understood and agreed that Seaman is ordered prior to any private discussion with a third party, to provide such third party with a copy of this Injunction and 2003 Order;

2. Using the name John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family, including without limitation, their voice, audio recordings, film footage and/or music, or any part or portion thereof; using a song title or song lyrics written, owned or performed by John Lennon, Yoko Ono Lennon and Sean Lennon, whether claimed to be fair use or otherwise.

3. Preparing or assisting anyone in the preparation of any statements, podcasts interviews, books, articles, television or motion picture productions, social media in any and all media now known or developed in the future, and/or other creation of

material of any kind or nature whatsoever directly, or indirectly, concerning or relating to John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family including without limitation, any material concerning any person, whether or not fictional, whom any member of the public could or might associate with John Lennon, Yoko Ono Lennon or Sean Lennon or the Lennon Family (regardless of whether or not there shall appear any disclaimer purporting to associate such fictitious person with John Lennon and/or Yoko Ono Lennon, Sean Lennon and/or the Lennon Family);

4. Publishing in any manner or in any form the book, <u>The Last Days of John Lennon</u> or any version thereof, or any of the contents thereof in whole or in part, under any title, authored by Defendant Frederic Seaman or ghost written on his behalf, and including but not limited to any reprinting or republication of any other version, anecdote, derivative work or otherwise by Frederic Seaman relating to the Lennon Family which has been published or publicly displayed prior to the date hereof, including without limitation, any magazine articles or videos. For avoidance of doubt, Seaman shall not create any work regarding John Lennon, Yoko Ono Lennon, Sean Lennon or the Lennon Family.

5. Engaging or causing any third party to engage in any other activities constituting copyright or trademark infringement, of every kind or nature, unfair

competition, trademark dilution, trademark disparagement or any other violation of Plaintiff's trademarks and/or copyrights; or

6. Aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

7. Holding themselves out in any manner whosoever as being licensed by, associated with, or in any manner affiliated with John Lennon, Yoko Ono Lennon, Sean Lennon and/or the Lennon Family, directly or indirectly.

IT IS FURTHER ADJUDGED, ORDERED and DECREED:

1. that the 2003 Order is hereby ratified and reaffirmed;

2. that Judgment in the amount of five thousand ($5,000) dollars is entered in favor of Plaintiff;

3. that this Court shall retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce this injunction;

4. that the parties hereto have waived appeal from this injunction and judgment;

5. that this injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns; and

6. that Plaintiff shall not be required to post any bond with the Clerk of the Court.

SO ORDERED:

*Paul A. Engelmayer*

Hon. Paul A. Engelmayer

Dated: January 19, 2021

## CONSENT, WAIVER AND STIPULATION

As between the parties, the provisions of the Order of Permanent Injunction shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

**Frederic Seaman**

By: _____
Frederic Seaman

Date: 1/14/21

**Approved as to form**:

By: _____
Dorothy M. Weber, Esq.
Attorney for Yoko Ono Lennon

Date: 1.13.2021


By: _____
Evan Brustein, Esq.
Attorney for Frederic Seaman

Date: 1/13/21