**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

YOKO ONO LENNON,                              Case No.: 1:20-cv-08176-PAE

                Plaintiff,
  -against-

FREDERIC SEAMAN,

                Defendant.
------------------------------------------------------------x

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### The Parties and General Background

1. Plaintiff Yoko Ono Lennon ("Plaintiff" or "Mrs. Lennon") is a Japanese citizen and resident of the State of New York. She is an internationally known philanthropist, musician and artist. Mrs. Lennon is also the widow of the late John Lennon - one of the most successful and influential musicians of all time.

2. Mrs. Lennon has succeeded to all copyrights interests owned by Lennon prior to his death.

3. Defendant Frederic Seaman is a citizen and resident of the State of New York.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338 and principles of pendent jurisdiction. The claims herein arise under Sections 106, 201, and 501 of the Copyright Act (17 U.S. C. §§ 106, 201, 501) and the common law.

5.     Plaintiff is the duly registered owner of the following copyright registrations: Imagine: John and Yoko Aboard the Imagine (VA 950-558); Imagine: The Lennons on Bikes (VA 950-559); Imagine - Sean and Julian (VA 950-557); John and Sean in Bermuda (VA 946-752); The Lennon Family III Chronology (VAu 428-951); The Lennon Family III Chronology Supplement (VAu 523-944); The Lennon Family Series he (VAu 440-333); The Lennon Family Series II (VAu 440-340).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## Nature Of The Action

7.     Plaintiff brings this action for copyright infringement, fraud and contempt of Court for violation of the So Ordered Final Judgment on Consent signed by the Hon. Leonard B. Sand on June 27, 2003 and duly entered on June 30, 2003 (the "So Ordered Final Judgment on Consent").

8.     The So Ordered Final Judgment on Consent was the culmination of the action commenced in the United States District Court, Southern District of New York, *Yoko Ono Lennon vs. Frederic Seaman* (99 Civ. 2664)(the "1999 Action"). (See Complaint (Dkt. 1), First Amended Complaint (Dkt. 16), Second Amended Complaint (Dkt. 22), and Third Amended Complaint (Dkt. 90)).

9.     After an extensive litigation and jury trial from September 23, 2002 through September 26, 2002, and both sides appearing by counsel, and after the conclusion of all evidence, Seaman and the Plaintiff entered into the So Ordered Final Judgment on Consent.

10. The So Ordered Final Judgment on Consent embodies the full, complete, and entire agreement and understanding of the parties of all of the terms and conditions with respect to the matters discussed hereinbelow.

### Defendants Viloations of the 2003 Order

11. Frederic Seaman was aware of the language of the 2003 Order and Injunction which stated:

> a. Defendant Frederic Seaman, and anyone acting in concert or participation with him, his representatives, assigns, administrators and heirs, are hereby permanently and perpetually enjoined from divulging, exploiting, or publicizing, commercially or otherwise, in any manner or medium now and hereafter devised whatsoever, any information, facts, anecdotes, or other statements relating in any way to John Lennon, Yoko Ono Lennon or Sean Lennon (collectively "The Lennon Family"). For the avoidance of doubt, this injunction includes, without limitations, statements made in books, fiction or non-fiction, magazine articles, press interviews, television reports, documentaries, radio interviews, audio recordings, film or video recordings, or any other medium of public dissemination. For the further avoidance of doubt, this injunction also applies to the publication of any image of the Lennon Family (or any one of them) including, without limitation,
>
>> i. the 374 photographs at issue in this Action, copies of which were marked during the trial herein as Plaintiff's Exhibits 2, 3 and 4 (the "374 Photographs"); and
>>
>> ii. copies, in any medium, of the "Cannon Hill Video," a copy of which was marked during the trial herein as Plaintiff's Exhibit 6 (the "Cannon Hill Video"), or any portion whatsoever thereof;
>
> For the further avoidance of doubt, this injunction also applies to any reprinting or reissuance of the book, The Last Days of John Lennon, or any version thereof, under any title, authored by defendant Frederic Seaman, and to any reprinting or republication of any other work by Frederic Seaman relating to the Lennons which has been published or publicly displayed prior

to the date hereof, including without limitation, any of the magazine articles or videos which were at issue in the Action. (the "Prohibited Information")

12. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon and his employment with the Lennons with Kenneth Womack knowing that these discussions were for the purpose of providing the Prohibited Information to Womack in connection with a book entitled, *John Lennon 1980: The Last Days in the Life* that he was writing on John Lennon.

13. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon and his employment with the Lennons with Anna Frawley for public dissemination.

14. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon and his employment with the Lennons with Plastic EP TV for public dissemination.

15. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, and his employment with the Lennons with Geoff Edgers for public dissemination.

16. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, and his employment for publication in Beatles Stories: A Fab Four Fan's Ultimate Road Trip.

17. Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon and his employment with the Lennons with Jago Lee for public dissemination.

18.     Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon and his employment with the Lennons with Ray Connolly knowing that these discussions were for the purpose of providing the Prohibited Information to Connolly in connection with a book entitled, *Being John Lennon* that he was writing on John Lennon.

19.     Defendant Frederic knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, and his employment with the Lennons with Scott Reda for public dissemination.

20.     Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon and his employment with the Lennons with Beatle Ed for public dissemination.

21.     Defendant Frederic Seaman knowingly violated the 2003 Order and Injunction by discussing John Lennon, Yoko Ono Lennon, and his employment with the Lennons with Simon at The Fest for Beatles Fans (formerly, Beatlefest).

### Plaintiffs Are Entitled to a Permanent Injunction and Judgment Against Seaman

22.     Pursuant to the Settlement, Frederic Seaman agrees to the entry of an additional Court Order ordering a permanent injunction (the "Permanent Injunction"). Settlement ¶1.2.

23.     Pursuant to the Settlement, Frederic Seaman agreed to the entry of a judgment in the amount of five thousand ($5,000) dollars in favor of Plaintiff and against Defendant. Settlement ¶1.9.

24. The Plaintiff is, therefore entitled to entry of the Permanent Injunction and Judgment against Defendant Frederic Seaman.

Dated: January 13, 2021
New York, New York

SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP

By: /s/ Dorothy M. Weber
Dorothy M. Weber (DMW-4734)
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
dorothy@musiclaw.com
*Attorneys for Plaintiff*
*Yoko Ono Lennon*

**BRUSTEIN LAW PLLC**

By: /s/
Evan Brustein
299 Broadway
17th Floor
New York, New York 10007
917-769-8748
evan@brusteinlaw.com
*Attorney for Defendant*
*Frederic Seaman*

SO ORDERED:

/s/ Paul A. Engelmayer
Hon. Paul A. Engelmayer,
U.S.D.J.

Dated: January 19, 2021

6